# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRIAN EVANS,<br><br>        Plaintiff(s),<br><br>vs.<br><br>AMAZON. COM,<br><br>        Defendant(s). | 2:05-00388cv-RLH-RJJ<br><br>**O R D E R**<br>(Motion to Dismiss–#42) |

Before this Court, now that Plaintiff's appeal has been dismissed, is Defendant Amazon.com's **Motion to Dismiss for Improper Venue and Alternatively, to Enforce the Confidential Settlement Agreement** (#42, filed July 22, 2005). Plaintiff filed a perfunctory Opposition (#44, filed August 2, 2005) which only notes that he filed the appeal and a motion to stay pending the appeal, and that he intends to engage counsel.[1] Defendant filed its Reply (#45) on August 8, 2005.

The motion has merit and will be granted as described hereafter.

The Complaint was filed March 22, 2005. On April 15, 2005, Plaintiff filed a motion to dismiss, stating the case had been settled. That was granted by Order (#6) dated April 21, 2005. On May 3, 2005, Plaintiff moved to reinstate the case and for a default judgment. He

---

[1] The Ninth Circuit Court of Appeals dismissed Plaintiff's appeal November 16.2005. Plaintiff has filed nothing since that time.

1

was permitted to reinstate, but his request for default judgment was denied. Defendant brought a motion to dismiss based upon the settlement, but Plaintiff claimed he had been fraudulently inducted to enter into the settlement, citing an email which made certain promises. Accordingly, on June 17, 2005, the Court denied the motion to dismiss and gave Plaintiff 30 days to amend his complaint to assert that claim. Plaintiff has failed to amend, or even attempt to amend, his complaint within the time permitted, or until the present, and has failed to produce the alleged email or evidence of its promises. Defendant renews its motion to dismiss based upon the settlement agreement.

It appears that Plaintiff accepted, and has never returned or offered to return the $6500 paid in for the settlement, and that Defendant has performed all the terms of the settlement agreement. Accordingly, the Court will revisit the issue of whether it should enforce the settlement agreement, by which Plaintiff promised to dismiss this lawsuit, and grant Defendant's motion to dismiss.

The parties reached the settlement agreement on April 13, 2005, on Plaintiff's terms. Defendant drafted a proposed settlement agreement and sent it to Plaintiff on April 18, 2005. Plaintiff reviewed and revised the Agreement, signed it and sent it back to Defendant on the same day. Defendant reviewed the Plaintiff's changes, approved and accepted the same and signed the Agreement on April 30, 2005. Defendant then fully performed its obligations under the Agreement by paying the Plaintiff the settlement funds, processing Plaintiff's application to sell his CDs through Defendant's Advantage Program, and ordering those CDs from Plaintiff.

Plaintiff apparently claims now that Defendant breached the Agreement because his CDs were not available for sale as quickly as <u>he</u> thought they should be, which was faster than the normal process. Nothing in the Agreement provides for special treatment. Plaintiff claimed that there existed an email from Defendant which promised it, but has failed to produce such an email. Plaintiff was treated as any other applicant.

. . . .

1   Notwithstanding Defendants performance of the Settlement Agreement in every
2   detail, Plaintiff has failed and refused to dismiss this lawsuit as promised in the Agreement, but,
3   instead, has continued to litigate the matter and attempt to force Defendant to pay him additional
4   sums of money.  He is apparently under the incorrect impression that the Court's prior rulings
5   were in his favor and the result of his legal prowess.
6   In paragraph 4 of the Settlement Agreement, it provides that, "Evans has agreed to
7   dismiss this lawsuit against Amazon.com with prejudice."  The Agreement is binding and
8   enforceable.  *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1990).  "The construction and enforce-
9   ment of settlement agreements are governed by principles of local law which apply to interpreta-
10  tion of contracts generally."  *Id.*  "It has long been the policy of Nevada that absent some counter-
11  vailing reason, contracts will be construed from the written language and enforced as written."
12  *Ellison v. C.S.A.A.*, 106 Nev. 601, 603, 797 P.2d 975, 977 (1990).
13  Plaintiff's current claims are identical to those that were settled and he agreed to
14  dismiss them with prejudice.  *Jeff D.* 899 F.2d at 759 ("Each party agrees to 'extinguish those legal
15  rights it sought to enforce through litigation in exchange for those rights secured by the [agree-
16  ment].") (quoting *village of Kaktovik v. Watt*, 689 F.2d 222, 230 (D.C. Cir. 1982)).
17  Plaintiff failed to file any points and authorities in opposition to this motion.  Local
18  Rule 7-2(d) provides that failure to file points and authorities in opposition to a motion constitutes
19  a consent that the motion be granted.  *Abbott v. United Venture Capitol, Inc.* 718 F.Supp. 828, 831
20  (D. Nev. 1989).  It has been said these local rules, no less than the federal rules or acts of Con-
21  gress, have the force of law.  *United States v. Hvass*, 355 U.S. 570, 574-575 (1958); *Weil v. Neary*,
22  278 U.S. 160, 169 (1929); *Marshall v. Gates*, 44 F.3d 722, 723 (9th Cir. 1995).  Accordingly,
23  Plaintiff has consented to the Court's granting of this motion.
24  Defendant's alternative request to dismiss the action because the Agreement
25  identifies Washington as the forum to resolve any disputes will be denied as moot inasmuch as this
26  Court has the authority to dismiss this action under the agreement, and there do not appear to be

any disputes that need to be resolved.

Finally, Defendant seeks reasonable attorney fees and costs incurred since April 28, 2005. While Defendant may recover costs as provided in the Local Rules (and may submit the appropriate Bill of Costs to that end), the American Rule regarding attorney fees, which is followed in the federal courts, only permits attorney fees where provided by statute or contract, neither of which applies here. Accordingly, the Court declines to award attorney fees.

IT IS THEREFORE ORDERED that Amazon.com's **Motion to Dismiss for Improper Venue and Alternatively, to Enforce the Confidential Settlement Agreement** (#42) is GRANTED, in that this case is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that the request for attorney fees is denied, but that Defendant shall be awarded recoverable costs.

Dated: January 10, 2006.

_____
**ROGER L. HUNT**
**United States District Judge**